# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| EDD D. WHEELER,<br><br>    Plaintiff,<br><br>v.<br><br>HARRY MAHAR, Assistant U.S. Secretary of State for Administration, DAVID T. DONAHUE, Assistant U.S. Secretary of State for Consular Affairs, JONATHAN ROLBIN, Director, Office of Passport Legal Affairs and Law Enforcement Liaison, U.S. Department of State, CHIEF OF FREEDOM OF INFORMATION ACT REQUESTS, Bureau of Consular Affairs, Office of Passport Services, Law Enforcement Liaison Division, U.S. Department of State,<br><br>    Defendants. | 1:17-cv-1256-WSD |

## OPINION AND ORDER

This matter is before the Court on Defendants Harry Mahar, David T. Donahue, Jonathan Rolbin, and the Chief of Freedom of Information Act Requests' (collectively, "Defendants") Motion to Dismiss [6] (the "Motion"). Also before the Court is Plaintiff's Motion to Amend Designation of the Defendants [9], Defendants' Motion to Strike Plaintiff's Final Answer to Defendants' Reply for

Dismissal [13] and Plaintiff's Motion for Default Judgment [15].

I.  **BACKGROUND**

On April 7, 2017, Plaintiff, proceeding *pro se*, filed his Complaint [1] pursuant to the Freedom of Information Act ("FOIA") seeking private passport, travel, and other records relating to former President Barack Obama from the U.S. State Department.  Plaintiff alleges he submitted three FOIA requests, dated January 18, 2017, March 2, 2017, and March 13, 2017 requesting "documents relating to application by Barack Hussein Obama for a U.S. passport, or issuance of U.S. passport to him, from 1978-1982" and "any information on the passport used by Mr. Obama during the summer 1981 . . . ."  (Compl. at 3).

On May 30, 2017, Defendants filed their Motion to Dismiss [6] arguing (1) Plaintiff named the wrong party defendants and (2) Plaintiff's failure to comply with agency regulations requiring him to obtain written authorization from living third party individuals, in this case, former President Barack Obama, amounted to a failure to exhaust his administrative remedies.  (Motion at 4-9).  On June 7, 2017, Plaintiff filed his Response [7] stating (1) he would amend his Complaint "to specify [Defendants] by Office, e.g., Office of Assistant U.S. Secretary of State for Administration" and (2) arguing his request for passport records is a "reasonable request for information of legitimate public interest."  (Response at 2-3).  On June

2

14, 2017, Plaintiff filed a Motion to Amend Designation of the Defendants [9].[1]
On June 19, 2017, Defendants moved to strike Plaintiff's Final Answer to Defendants' Reply for Dismissal [13]. On July 26, 2017, Plaintiff filed a Motion for Default Judgment [15].

## II. LEGAL STANDARDS

### A. Motion to Dismiss

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "assume that the factual allegations in the complaint are true and give the plaintiff[] the benefit of reasonable factual inferences." Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010). Although reasonable inferences are made in the plaintiff's favor, "'unwarranted deductions of fact' are not admitted as true." Aldana v. Del Monte Fresh Produce, N.A., 416 F.3d 1242, 1248 (11th Cir. 2005) (quoting S. Fla. Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 408 n.10 (1996)). The Court also is not required to accept as true conclusory allegations and legal

---

[1] Plaintiff attempts to cure his Complaint naming only individual federal officials by moving to amend his Complaint to name the offices the party Defendants are employed with, including the Office of the Assistant U.S. Secretary of State for Administration, Office of the Assistant U.S. Secretary for Consular Affairs, the Office of Passport Legal Affairs and Law Enforcement Liaison, and the Office of Chief of Freedom of Information Act Requests.

conclusions. See Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010) (construing Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)); see also White v. Bank of America, NA, 597 F. App'x 1015, 1018 (11th Cir. 2014) ("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.") (quoting Oxford Asset Mgmt., Ltd. V. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). Mere "labels and conclusions" are insufficient. Twombly, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). This requires more than the "mere possibility of misconduct." Am. Dental, 605 F.3d at 1290 (quoting Iqbal, 556 U.S. at 679). The well-pled allegations must "nudge[] their claims across the line from conceivable to plausible." Id. at 1289 (quoting Twombly,

550 U.S. at 570).[2]

    B.    *Pro Se* Plaintiff Standard

Plaintiff filed his Complaint *pro se*. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure. See Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 371 (11th Cir. 2005). "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief." Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007). "[A] district court does not have license to rewrite a deficient pleading." Osahar v. U.S. Postal Serv., 297 F. App'x 863, 864 (11th Cir. 2008).

---

[2]    Federal Rule of Civil Procedure 8(a)(2) requires the plaintiff to state "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In Twombly, the Supreme Court recognized the liberal minimal standards imposed by Federal Rule 8(a)(2) but also acknowledged that "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555.

5

## III. DISCUSSION

FOIA requires a federal agency, upon a request for records that reasonably describes documents held by that agency, to make those documents promptly available to any person unless the information within the records is protected from disclosure by a statutory exemption. See 5 U.S.C. § 552(a)(3), (b); see also Allen v. EEOC, 366 F. App'x. 972, 973 (11th Cir. 2010). If a district court finds that the agency failed to make a properly requested document available, the court may "enjoin the agency from withholding agency records and . . . order the production of any agency records improperly withheld from the complainant." See 5 U.S.C. § 552(a) (4) (B).

Pursuant to FOIA, an agency must make records available to an individual "upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed." See 5 U.S.C. § 552(a)(3)(A). "'An agency's disclosure obligations are not triggered . . . until it has received a proper FOIA request in compliance with its published regulations.'" Strunk v. United States, 693 F. Supp. 2d 112, 114 (D.D.C. 2010) (quoting Antonelli v. Fed. Bureau of Prisons, 591 F. Supp. 2d 15, 26 (D.D.C. 2008)). A plaintiff may only file suit in a district court to compel an agency to disclose records after the plaintiff has

6

exhausted administrative remedies; that is, after the plaintiff has filed a proper FOIA request to no or to little avail. Taylor v. Appleton, 30 F.3d 1365, 1367-68 (11th Cir. 1994) ("The FOIA clearly requires a party to exhaust all administrative remedies before seeking redress in federal courts."); Strunk, 693 F. Supp. 2d at 114-15; see also 5 C.F.R. § 297.208 (2010) ("Upon receipt of notification that the denial of access has been upheld on administrative review, the requester has the right to judicial review of the decision . . . .").

Plaintiff asserts that he is entitled to various records and documents relating to former President Barack Obama's passport issuance and use. Plaintiff, however, has failed to comply with a key requirement for filing a FOIA action. The Department of State Code of Federal Regulations provides:

> Except under the Privacy Act by a parent of a minor or a legal guardian (§ 171.32(c)), requests for records pertaining to another individual shall be accompanied by a written authorization for access by the individual, notarized or made under penalty of perjury, or by proof that the individual is deceased (e.g. death certificate or obituary). 22 C.F.R. § 171.12(a).

Plaintiff's Complaint and attached exhibits fail to show that Plaintiff complied with this requirement.

Plaintiff's failure to obtain and provide to the Department of State the required written authorization from former President Obama amounts to a failure to exhaust his administrative remedies, and Plaintiff is therefore, as a matter of

7

law, not entitled to relief.  Taylor, 30 F.3d at 1367; Strunk, 693 F. Supp. at 115 ("It is clear on this record that plaintiff did not submit proper FOIA request to the State Department and to DHS because the requests did not include written authorization from Mr. Obama for the release of information to plaintiff.  Plaintiff has failed to exhaust his administrative remedies with respect to his requests for information about Mr. Obama, and these claims will be dismissed."); Lodge v. Berry, 2010 WL 11493762, at *4 (N.D. Ga. Sept. 28, 2010) (dismissing the plaintiff's complaint as a matter of law for plaintiff's failure to comply with the requirements set forth in the federal regulations for FOIA requests and resulting failure to establish he exhausted his administrative remedies).  Defendant's Motion to Dismiss is thus granted, and the remaining motions are denied as moot.[3]

## IV.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [6] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint [1] is

---

[3]  Even if Defendant's Motion to Amend Designation could have conceivably cured Plaintiff's Complaint, the Court's holding relating to Plaintiff's failure to exhaust his administrative remedies would make any amendment futile.

**DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend Designation of the Defendants [9], Defendants' Motion to Strike Plaintiff's Final Answer to Defendants' Reply for Dismissal [13] and Plaintiff's Motion for Default Judgment [15] are **DENIED AS MOOT**.

**SO ORDERED** this 2nd day of October, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE